IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ARNOLD HIRAHARA, Q. BRITT CORMIER, | ) ) ) | CIV. NO. 14-00410 HG-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF Q. BRITT CORMIER'S MOTION TO REMOVE HER AS A PLAINTIFF |
| EXTRA SPACE STORAGE HONOLULU, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| EXTRA SPACE STORAGE HONOLULU, | ) ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| vs. | ) ) | |
| Q. BRITT CORMIER, | ) ) | |
| Counterclaim-Defendant. | ) ) ) | |
| _____ | | |

AMENDED[1] FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF Q. BRITT CORMIER'S
<u>MOTION TO REMOVE HER AS A PLAINTIFF</u>

Before the Court is Plaintiff Q. Britt Cormier's Ex Parte Motion to

---

[1] The Court issues this Amended Findings and Recommendation to correct the caption and footer, as well as to correct two typographical errors in this document.

Remove Her as a Plaintiff (Doc. 16). After careful consideration of the Motion and the opposition memorandum, the Court finds and recommends that the Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends dismissing Cormier as a Plaintiff, but denying her request to be dismissed as a Counterclaim Defendant. The Court also recommends denying Defendant Extra Space Storage Honolulu's request for fees and costs.[2]

This lawsuit arises out of Cormier's rental of storage lockers from Defendant. Stored in those lockers were the belongings of Cormier and Plaintiff Arnold Hirahara. Their Complaint asserts that Defendant improperly auctioned their belongings that were in one of the storage lockers. They also allege that Defendant may auction their belongings that are in the second storage locker. Plaintiffs seek damages and a stay of the second auction. In response to the lawsuit, Defendant filed a Counterclaim against only Cormier, asserting that she defaulted on both of her storage lockers and owes all overdue rental charges.

In order to dismiss her claims against Defendant, Cormier would typically need to submit a Stipulation of Dismissal signed by Defendant because it already filed an Answer to her claims. See Fed. R. Civ. P. 41(a)(1)(A). In its Opposition, however, Defendant does not object to the dismissal of Cormier's claims. Therefore, the Court finds and recommends that Cormier be dismissed as

---

[2] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

a Plaintiff in this case and that her claims against Defendant be dismissed as well.

Cormier's Motion does not expressly ask that Defendant's Counterclaims against her be dismissed. To the extent Cormier requests a dismissal of the Counterclaims against her, the Court finds and recommends that her request be denied. In order to dismiss the Counterclaims, Cormier would need to file a Motion to Dismiss the claims against her or obtain a Stipulation of Dismissal signed by Defendant. Cormier's Ex Parte Motion is insufficient to warrant dismissal of the claims against her. Additionally, Defendant objects to the dismissal of those claims. Accordingly, the Court finds and recommends that the Court deny the dismissal of the Counterclaims against Cormier.

Defendant asks for an award of $5,245.35 in attorneys' fees and costs that it incurred in defending against Cormier's claims. The Court recommends that this request be denied because Cormier is still a party to this lawsuit as a Counterclaim Defendant and the claims by Plaintiff Hirahara are still pending. It would be premature to award fees and costs at this time while the case is proceeding with all of the parties. The Court therefore finds and recommends that Defendant's request for attorneys' fees and costs be denied.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 10, 2014.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Arnold Hirahara and Q. Britt Cormier v. Extra Space Storage Honolulu, CIV. NO. 14-00410 HG-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF Q. BRITT CORMIER'S MOTION TO REMOVE HER AS A PLAINTIFF.